United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| ELVA SALDIVAR, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 14-12989-NMG |
| ANTHONY PRIDGEN, DANIEL RACINE and CITY OF FALL RIVER | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**GORTON, J.**

This case arises from an alleged assault and rape of plaintiff Elva Saldivar ("Saldivar") by former police officer Anthony Pridgen ("Pridgen") while on duty. Plaintiff's second amended complaint asserts claims against Pridgen, Chief of Police Daniel Racine ("Racine") and the City of Fall River ("the City") for 1) assault and battery against Pridgen (Count I), 2) violation of the Massachusetts Civil Rights Act ("MCRA") against Pridgen and the City (Counts II and VI), 3) violation of 42 U.S.C. § 1983 against all defendants (Counts III, IV and VII) and 4) negligent hiring, training and supervision against the City (Count V).

For the reasons that follow, the motions to dismiss filed by Racine and the City will be allowed.

-1-

## I. Background

On or about June 8, 2011, Saldivar contacted the Fall River Police complaining that one of her children was being harassed at school. According to the plaintiff, Fall River Police interviewed her and Pridgen was assigned to conduct an investigation. Later that day, Pridgen arrived in full uniform at plaintiff's residence announcing that he needed to conduct further questioning. Upon entering plaintiff's apartment, Pridgen allegedly pointed his police revolver at Ms. Saldivar and proceeded to assault, batter and rape her. He allegedly then threatened the plaintiff by stating that he would kill her and her children if she reported his actions.

Notwithstanding the threats, Ms. Saldivar reported the rape to the Fall River Police. The subsequent investigation revealed that 1) on the day of the reported rape, defendant Pridgen was on duty, 2) security cameras located at plaintiff's housing complex confirmed that a Fall River police cruiser was parked near plaintiff's building and defendant Pridgen was identified as entering and leaving the building and 3) a search of Pridgen's police locker led to the seizure of two Trojan condoms and two packages of Extenze tablets.

Pridgen resigned from his employment as a police officer for the City of Fall River on June 28, 2011. In September,

2011, the District Attorney's Office for Bristol County informed the plaintiff that it would not prosecute Pridgen criminally.

Pridgen's disciplinary record during the course of his employment with the City indicates that he was 1) suspended for police misconduct for thirty days without pay in February, 2007, which was later reduced to a written warning by an arbitrator, due to a failure to properly abide by policy in handling a domestic violence call, 2) suspended for five days without pay in October, 2007 from an abuse of sick leave policy, 3) suspended for one day in January, 2011 for failing to appear for roll call, 4) suspended for five days in June, 2011 for allowing his license to carry a firearm to lapse for five years and 5) given seven reprimands between September, 2003 and June, 2011.

## II.  **Procedural history**

Plaintiff initiated her lawsuit in Bristol County Superior Court in May, 2014 and defendants Racine and the City timely removed the case to this Court.  Plaintiff filed an amended complaint in August, 2014.  Racine and the City subsequently moved to dismiss the amended complaint.

The Court held a hearing on the motions to dismiss in January, 2015 during which it ordered the defendants to immediately turn over Pridgen's entire disciplinary record to the plaintiff.

The following week, plaintiff moved for leave to file a second amended complaint. She then filed a supplemental opposition to the motions to dismiss the next day. To keep the record clean, the Court allowed plaintiff to file a second amended complaint and denied the pending motions to dismiss as moot. Defendants filed motions to dismiss the second amended complaint in February, 2015.

### III. **Motions to dismiss plaintiff's second amended complaint by Daniel Racine and the City of Fall River**

#### A. **Legal standard**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly*,* 550 U.S. 544, 570 (2007). In considering the merits of a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc.*,* 199 F.3d 68, 69 (1st Cir. 2000). Yet "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice to state a cause of action. Ashcroft v. Iqbal*,* 556 U.S. 662, 678 (2009). Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of anything more than the mere possibility of misconduct. Id. at 679.

**B. Violation of 42 U.S.C. § 1983**

Counts IV and VII of the second amended complaint allege that Racine, in both his individual and official capacities, and the City are liable under 42 U.S.C. § 1983 for the violation of plaintiff's civil rights. Under both Massachusetts and federal law, a claim against the chief of a municipal police department in his official capacity is a claim against the municipality itself. Murphy v. Town of Natick, 516 F. Supp. 2d 153, 158 (D. Mass. 2007). As to Racine, the Court will therefore proceed to consider the claim against him in his individual capacity only.

**1. § 1983 claim against defendant Racine (Count IV)**

Plaintiff contends that Racine is subject to supervisory liability under Section 1983 for Pridgen's actions. Although respondeat superior cannot serve as a basis for such liability, public officials can be liable for situations stemming from their own acts or omissions. See Grajales v. Puerto Rico Ports Auth., 682 F.3d 40, 47 (1st Cir. 2012). A supervisor may be liable under Section 1983

> if (1) the behavior of his subordinates results in a constitutional violation, and (2) the supervisor's action or inaction was affirmatively linked to that behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference.

Pineda v. Toomey, 533 F.3d 50, 54 (1st Cir. 2008) (internal citations and quotations omitted). To prove deliberate indifference, plaintiff must show

> (1) a grave risk of harm, (2) the defendant's actual or constructive knowledge of that risk, and (3) the defendant's failure to take easily available measures to address that risk.

Rochleau v. Town of Millbury, 115 F. Supp. 2d 173, 181 (D. Mass. 2000).

Plaintiff contends that Racine's knowledge of Pridgen's prior disciplinary actions should have put him on notice of Pridgen's propensity for not complying with police regulations. She alleges that Racine's failure to terminate Pridgen's employment or to order him to undergo additional training and supervision amounted to deliberate indifference and was affirmatively linked to her assault.

The Court disagrees. Pridgen's disciplinary record in the Fall River Police Department consists of 11 violations between September, 2003 and June, 2011 that are entirely unrelated to any form of sexual misconduct. The suspensions that Pridgen received were due to 1) failure to abide by departmental policy in handling a domestic violence call, such as improperly informing the victim of her rights and inadequately conducting a search for weapons, 2) abuse of sick leave policy, 3) failure to appear for roll call and 4) failing to maintain a valid license

-6-

to carry a firearm. Pridgen also received seven reprimands for violations such as failing to abide by proper procedure for the submission of reports, arriving late to work and causing a cruiser accident. Plaintiff has failed to demonstrate that Racine had actual or constructive knowledge of the likelihood or even the possibility that Pridgen would sexually assault a woman while on duty. In other words, Racine lacked the prerequisite notice. <u>See</u> <u>Camilo-Robles</u>, 151 F.3d 1, 7 ("Notice is a salient consideration in determining the existence of supervisory liability.").

Moreover, there is no showing that the suspensions and reprimands imposed upon Pridgen were insufficient responses to his prior offenses. Even if they were inadequate, plaintiff's argument would fail because it depends on the tenuous inference that insufficient sanctions for past infractions led Pridgen to believe that he could get away with rape or that Racine implicitly condoned such conduct. <u>See</u> <u>Ramirez-Lluveras</u> v. <u>Rivera-Merced</u>, 759 F.3d 10, 23 (1st Cir. 2014).

Plaintiff has failed to state a sufficient claim for supervisory liability. Accordingly, defendant's motion to dismiss Count IV of the second amended complaint will be allowed.

### 2. § 1983 claim against the City (Count VII)

A municipality can be held liable under 42 U.S.C. § 1983

only where the municipality *itself* causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under § 1983.

City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989) (emphasis in the original). A plaintiff must therefore prove that a policy or custom of the city led to the constitutional deprivation alleged. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690-94 (1978). Moreover, that policy or custom must amount to "deliberate indifference" to the rights of the municipality's inhabitants. City of Canton, 489 U.S. at 388.

Plaintiff asserts that Police Chief Racine was a final decision-maker with respect to the training, discipline and supervision of Pridgen and that his failure to order further training or supervision reflects a policy of the City that led to her assault and rape. She contends that the repetitive decisions to impose suspensions rather than termination of employment reflects a pattern of conduct constituting the official and customary policy of the Fall River Police Department.

The plaintiff has failed, however, to allege sufficient facts to support her claim that the City had a policy amounting to deliberate indifference to her rights under Section 1983. She has identified no prior violation by Pridgen relating to sexual misconduct that could have put the City on notice to take

-8-

action to prevent Ms. Saldivar's rape.  As the Court has previously stated,

> [a] plaintiff must, at the very least, produce evidence that serious prior incidents similar to the alleged constitutional violation in question put the municipality on inquiry notice of an officer's danger to the public and that the police department's policy of ignoring or covering up those incidents was "the moving force" behind the alleged violation.

Eason v. Alexis, 824 F. Supp. 2d 236, 246 (D. Mass. 2011) (citing Young v. City of Providence, 404 F.3d 4, 25-28 (1st Cir. 2005).  Without establishing such notice, plaintiff cannot demonstrate that the sanctions meted out to Pridgen were insufficient responses to his prior offenses or that the training he received was inadequate.

Accordingly, plaintiff's allegations do not support a finding of "deliberate indifference" and the City's motion to dismiss Count VII will be allowed.

**C. Negligent hiring, training and supervision (Count V)**

Plaintiff alleges that the City was negligent in its training of Pridgen, in reinstating him after suspending him several times without pay and in failing to supervise his actions properly.  The Court has already rejected that argument in its analysis of plaintiff's Section 1983 claim, which asserts the same underlying negligence claim against the City.

The City's motion to dismiss will therefore be allowed as to Count V of the second amended complaint.

-9-

**D. Violation of the Massachusetts Civil Rights Act (Count VI)**

Plaintiff alleges that the City has violated her civil rights under the Massachusetts Civil Rights Act ("MCRA"), which provides a mechanism for obtaining relief from the interference or attempted interference "by threats, intimidation or coercion," with rights conferred by Federal or Massachusetts law. See M.G.L. c. 12, §§ 11H, 11I. A municipality, however, "is not a 'person' covered by the [MCRA], G.L. c. 12, §§ 11H, 11I." Howcroft v. City of Peabody, 51 Mass. App. Ct. 573, 591-92 (2001).

The City's motion to dismiss Count VI of the second amended complaint will therefore be allowed.

**ORDER**

In accordance with the foregoing, the motions to dismiss plaintiff's second amended complaint by defendants Daniel Racine and the City of Fall River (Docket Nos. 75 and 78) are **ALLOWED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 17, 2015